# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL VINCENT SANDERS, <br><br> Defendant. | Case No. CR07-1021 <br><br> ORDER FOR PRETRIAL DETENTION |

On the 11th day of August, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel A. Chatham. The Defendant appeared personally and was represented by his attorney, JoAnne Lilledahl.

## RELEVANT FACTS

On October 24, 2007, Defendant Michael Vincent Sanders was charged by Indictment (docket number 1) with possession with the intent to distribute crack cocaine within 1,000 feet of a playground. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on October 5, 2009.

Tom Pregler, an investigator with the Dubuque Drug Task Force, testified regarding the circumstances underlying the instant charge. On March 1, 2006, law enforcement officers executed a search warrant at Defendant's residence. Officers found a duffle bag in Defendant's bedroom, containing Defendant's belongings and cocaine. Defendant was arrested and transported to the Dubuque County Jail. Defendant was strip-searched as part of the booking process and a baggie of crack cocaine was found in his anus. A search of the squad car in which Defendant was transported revealed 30 individually-wrapped baggies of crack cocaine under the seat. The officer transporting

1

Defendant had searched the vehicle at the beginning of the shift, and Defendant was the only person transported in the vehicle prior to the crack cocaine being found. All together, the seized crack cocaine weighed 7.17 grams.

According to the pretrial services report, Defendant is 36 years old and has lived at a boarding house in Dubuque for the past 4 months. Defendant was born in Chicago, Illinois, and lived there for most of his life. In 2006, Defendant moved to Dubuque "because he believed it was a better place to live." As a consequence of the March 1, 2006 incident, Defendant was charged in state court with possession of a controlled substance. Defendant violated his pretrial release by failing to appear for scheduled appointments and was then arrested. Defendant was subsequently released after posting bond and remained in contact with his probation officer until his sentencing on September 20, 2006. Defendant received a 90-day suspended jail sentence and was placed on probation for 12 months. Within approximately two weeks, however, Defendant allegedly violated his probation and a warrant was issued for his arrest.

While the state court charge was pending, Defendant was also charged with theft in the fifth degree. Defendant failed to appear on that charge in December 2006 and a warrant was issued for his arrest. Defendant was not arrested on either warrant until August 5, 2009.

While the above-referenced warrants were outstanding, Defendant moved to Kinder, Louisiana, in the fall of 2006. One of Defendant's brothers lives in Kinder. According to the pretrial services report, Defendant was employed as a cook and kitchen manager at a fast food restaurant. In the spring of 2009, however, Defendant returned to Dubuque "because he wanted to avoid another hurricane season in Louisiana."

Prior to his arrest, Defendant was living at the Hope House in Dubuque. Defendant was unemployed and his girlfriend paid for the modest expenses incurred at the Hope House. On August 4, 2009, police were called to the scene of a disturbance between Defendant and his girlfriend. Initially, Defendant lied to officers by giving a different first name and different date of birth. After he was properly identified, however, Defendant

2

was arrested on the warrant issued in the instant action, and was apparently arrested the next day on the warrants which had been issued in state court in 2006.

According to the pretrial services report, on December 2, 2008, a warrant was issued in Louisiana for Defendant's arrest on a probation violation. On February 13, 2009, a second warrant was issued in Louisiana for Defendant's arrest in another case for failing to appear for an arraignment. Those two warrants remain active.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being in possession with the intent to distribute crack cocaine

3

within 1,000 feet of a playground, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with being in possession with the intent to distribute crack cocaine within 1,000 feet of a playground. Officers seized a duffle bag containing Defendant's belongings and cocaine. A baggie of

4

crack cocaine was found during a strip-search. An additional 30 individually-wrapped baggies of crack cocaine were found in the squad car after Defendant was transported to the jail. The weight of the evidence would appear to be strong. Defendant lacks any substantial ties to the Northern District of Iowa. Defendant only returned to Iowa four months ago, does not have his own residence, and is unemployed. Defendant's ex-wife and four children live in Chicago. Defendant did not surrender himself on the state warrants after returning to Iowa, and initially lied to law enforcement officers regarding his identity when questioned on August 4, 2009. Defendant currently has state court warrants outstanding for his arrest in Louisiana.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds

by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (August 7, 2009) to the filing of this Ruling (August 11, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 11th day of August, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA